UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KYLE A. REPPERT,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendant. | 4:18-CV-04104-LLP<br><br>ORDER DISMISSING CASE |

On August 22, 2018, plaintiff Kyle Reppert, appearing pro se, filed a complaint against the United States Department of Veterans Affairs. Docket 1. Reppert alleges that he was falsely imprisoned and assaulted at the Sioux Falls VA. *Id.* Reppert also filed a motion to proceed without prepayment of fees. Docket 3.

There is a two-step screening process with in forma pauperis litigants. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1006 (E.D. Ark. 2016). First, district courts must determine whether a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a). *Id.* Second, district courts are to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Id.*

This court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721

F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456 (8th Cir. 2000). Considering the information in the financial affidavit, the court finds that Reppert has made the requisite financial showing to proceed in forma pauperis. *See* Docket 3.

But the inquiry does not end there. Under § 1915, the court must review the claims in the complaint to determine if they are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B). The United States Supreme Court has also explained that the screening procedure of §1915(e)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the latter class . . . are claims describing fantastic or delusional scenarios, claims which federal district judges are all too familiar." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A]n *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33.

Reppert is proceeding pro se and his complaint is therefore entitled to a liberal construction. *Atkinson v. Bohn*, 91 F.3d 1127,1129 (8th Cir. 1996) (per curiam). Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912,914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* It is with these standards in mind that Reppert's complaint is carefully considered.

---

[1] In its opinion, the Supreme Court referred to 28 U.S.C. § 1915(d). The in forma pauperis statute has since been revised and the former section (d) is now section(e).

As a general rule, this Court does not consider allegations of sexual assault fanciful, delusional or any of the other adjectives which would qualify for a § 1915(e) frivolousness dismissal. Considered in its entirety, however, Reppert's allegations are "clearly baseless . . . fanciful . . . fantastic . . . delusional . . . irrational . . . . or . . . wholly incredible . . . " *Denton*, 504 U.S. at 33 (internal quotations and citations omitted). Reppert alleges not only that he is "being human trafficked by the Department of Homeland Security & the Department of Veterans Affairs, [he] was false[ly] imprisoned, sexually assaulted at least 6 times at the Sioux Falls VA and now [has] HIV as a result as well as diabetes and other bodily damage such as breasts from a sex change they performed to shut [him] up[.]" Docket 1 at 1. Reppert further alleges that the VA administers " 'hot shots' mixtures of methamphetamine heroine & embalming fluids to all the bad little girls & boys." Docket 1 at 5-6. The factual allegations in Reppert's complaint cross the boundary from the unlikely into the delusional. For this reason, Reppert's complaint will be dismissed on screening as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, it is ORDERED

1. Reppert's motion for leave to proceed in forma pauperis (Docket 3) is granted.

2. Reppert's complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED August 24, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

BY: *Summer Wdhfd*
(SEAL)   DEPUTY